[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON HEARING IN DAMAGES
 COMMENCED AUGUST 18, 2000 — COMPLETED JANUARY 12, 2001
This matter came before the court for a hearing in damages following a long tortious journey in the company of two other related actions; to wit: Laurie Raub v. Dream Factory, CV94 0315846 and Michael Raub v. DreamCT Page 11210Factory, CV94 0315847. On August 15, 1994, Vertefeuille, J., granted plaintiffs' applications for a prejudgment remedy attachment in the aggregate amount of $812,500. Said amount was secured by the defendant's placing shares of stock of Classics International Entertainment, Inc., in escrow.
The plaintiffs commenced this action to seek and obtain an injunction to enforce the terms of the prejudgment ("PJR") agreement entered into between the parties on or about November 23, 1994. Paragraph 12 of said PJR Agreement provides as follows:
 The parties agree that any material violation of any portion of this Agreement will result in irreparable injury and that the non-breaching party shall be authorized and entitled to obtain from any court of competent jurisdiction, preliminary and permanent injunctive relief. In addition, the parties agree that the non-breaching party also shall be authorized to recover from the breaching party money damages, including, but not limited to, all profits, all incidental consequential damages, and all attorneys' fees and costs incurred in bringing an action to enforce this provision of the Agreement.
The instant action was brought by the plaintiffs in their effort to enforce the above PJR Agreement. Therefore, the only damages this court may consider at present are those costs and incidental expenses incurred by the plaintiffs in their attempts to enforce said agreement.
These attempts included multiple motions and resulting court hearings because of variations in the downward stock price; i.e., value of the shares escrowed, which therefore resulted in the plaintiffs being undersecured. The court has examined an affidavit regarding attorney's fees submitted by plaintiffs' counsel Mark Durkin. The court has reviewed Defendant's Memorandum of Law in Opposition to Plaintiffs' Demand for Damages.
The plaintiffs are seeking attorney's fees for efforts to enforce their rights under the PJR Agreement as well as attorney's fees incurred in commencing and maintaining the instant case, one for injunctive relief seeking compliance with the PJR Agreement. Defendant's counter that paragraph 12 of said PJR Agreement is clear on its face and only authorizes such attorney's fees as are incurred in bringing an action to enforce their rights pursuant to the PJR Agreement.
Reviewing paragraph 12 including its punctuation the court is convinced CT Page 11211 that the language is not so broad as to create a right for attorney's fees apart from those incurred "in bringing an action to enforce this provision of the agreement." Therefore, and in accordance with the affidavit regarding attorney's fees filed by the plaintiffs, the court finds that plaintiffs are entitled to $36,477.50 in such fees together with costs of $792.18.
It is so ordered.
SKOLNICK, J.